Robert Gibbs
Robert Pauw
Gibbs Houston Pauw
1000 Second Ave., Suite 1600
Seattle, WA 98104
Telephone: (206) 682-1080
Facsimile: (206) 689-2270
rgibbs@ghp-law.net

Gregory S. Siskind
Siskind Susser, PC
1028 Oakhaven Road
Memphis, TN 38119
Telephone: (901) 682-6455
Facsimile: (901) 339-9604
GSiskind@visalaw.com

R. Andrew Free
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 244-4345
Andrew@ImmigrantCivilRights.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Chintan MEHTA, Anandhi SRINIVASAN, Soury HAZRA, Venkata SHIVA AYYAGARI, QI Wang, QUAN Yuan, Ranjit JAIN, Satyavan PANDA, Ravi GUSAIN, Akshay KAWALE, HAIFENG Xiao, Vanshaj BINDAL, Ravi VISHNUVARDHAN, and Venkata SURAPANENI, on behalf of themselves and a class of all individuals similarly situated; and INTERNATIONAL MEDICAL GRADUATE TASKFORCE, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 15-1543

First Amended Class Action Complaint for Declaratory and Injunctive Relief |
| *Plaintiffs,* ) ) | |
| v. ) | |

FIRST AMENDED CLASS ACTION
COMPLAINT – 1

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA 98104**
**(206) 682-1080**

1  U.S. DEPARTMENT OF STATE, John )
2  F. KERRY, in his Official Capacity as )
   Secretary of State, U.S. )
3  DEPARTMENT OF HOMELAND )
4  SECURITY, Jeh C. JOHNSON, in his )
   Official Capacity as Secretary of )
5  Homeland Security, U.S. )
6  CITIZENSHIP AND IMMIGRATION )
   SERVICES, León RODRIGUEZ, in his )
7  Official Capacity as Director, U.S. )
8  Citizenship and Immigration Services, )
   )
9      *Defendants.* )

10 _____

11

12         **FIRST AMENDED CLASS ACTION COMPLAINT**
13         **FOR DECLARATORY AND INJUNCTIVE RELIEF**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION
COMPLAINT – 2

**Preliminary Statement**

1.  This case is about what happens when thousands of law-abiding, highly skilled immigrants spend millions of dollars preparing to apply for green cards in reasonable reliance on an agency's binding policy statement, only to find out at the last minute that a hapless federal bureaucracy has abruptly, inexplicably, and arbitrarily reneged on its promise.

2.  Plaintiffs and the thousands of class members they seek to represent are the beneficiaries of approved employment-based visa petitions for highly skilled workers.

3.  On September 9, 2015, the U.S. State Department ("DOS" or "State") published its monthly Visa Bulletin. It contained a significant and long awaited modernization called for by the White House and the Secretary of Homeland Security after a thorough review of shortcomings in the government's immigrant visa issuance process that currently allow tens of thousands of immigrant visas to go unused each year at the same time that hundreds of thousands of applicants wait in visa backlogs that stretch into the last decade.

4.  Specifically, the October 2015 Visa Bulletin brings U.S. Citizenship and Immigration Services ("USCIS") into the 21st century, and in line with the longstanding DOS practice, by adding a date on which applicants may submit adjustment of status applications ("adjustment applications") that comes before the projected date on which final adjudicative action will occur. By adding this additional date for filing adjustment applications, DOS is better able to discharge

FIRST AMENDED CLASS ACTION
COMPLAINT – 3

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

its statutory duty of assessing visa demand and ensuring all of the visas Congress allots in a given fiscal year are used.

5.  In reasonable reliance on the October 2015 Visa Bulletin, Plaintiffs and thousands of others began assembling their adjustment applications. They went to USCIS-approved civil surgeons to obtain medical exams, vaccinations, and certificates, arranged for provision and translation of documents from their home countries, paid attorneys, took time off work, and cancelled upcoming travel plans. Plaintiffs and class members took all these actions based on their reasonable expectation—created by over five decades of uniform practice—that the government would abide by the Visa Bulletin it published on September 9, 2015.

6.  On September 25, 2015—less than 4 full business days before USCIS was to begin accepting adjustment applications under the October 2015 Visa Bulletin— Defendants broke their promise. State abruptly revised the Visa Bulletin, significantly altering several of the filing dates, and leaving Plaintiffs and potentially thousands of others without recourse.

7.  As a result, Plaintiffs and class members are now suddenly unable to submit adjustment applications on October 1, 2015 as promised, and consequently, they are unfairly locked out of the significant statutory and regulatory benefits afforded to people with pending adjustment applications.

8.  Because State's attempted revision constitutes arbitrary and capricious agency action contrary to law, as well as an abuse of the agency's discretion, and violates Plaintiffs' due-process rights, the Administrative Procedure Act ("APA")

FIRST AMENDED CLASS ACTION
COMPLAINT – 4

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

requires that the revised Visa Bulletin (the "Revised Visa Bulletin") be struck down and that USCIS be compelled to accept adjustment applications pursuant to the original October Visa Bulletin.

9.   In the absence of such relief, Plaintiffs and class members, who have spent thousands of hours and millions of dollars preparing adjustment applications in reasonable reliance on the binding agency policy statements DOS published, will be irreparably harmed and left without any remedy for Defendants' unlawful actions.

10. Accordingly, Plaintiffs seek declaratory and injunctive relief preventing Defendants from enforcing the unlawfully issued Revised Visa Bulletin.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1651 (All Writs Act). The Administrative Procedure Act applies to this lawsuit. The United States waived its sovereign immunity over the claims raised here pursuant to 5 U.S.C. § 702. Jurisdiction lies to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act). This action challenges Defendants' agency actions, procedural policies, practices, and interpretations of law. This action does not challenge a final removal order or a discretionary decision involving the grant or denial of an adjustment application. Therefore, the jurisdiction-stripping provisions of 8 U.S.C. § 1252 are not applicable.

FIRST AMENDED CLASS ACTION
COMPLAINT – 5

12. No administrative remedy exists to redress the grievances set forth herein. Accordingly, no exhaustion was required, and this Court has the jurisdiction to hear Plaintiffs' claims.

13. This District is the proper venue pursuant to 28 U.S.C. § 1391(e)(1)(A) because DOS, DHS, and USCIS reside and operate within this District, and pursuant to 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim have occurred within this District.

## Parties

14. Plaintiff **Chintan Mehta** is a citizen of India who currently resides in Bothell, Washington. Plaintiff Mehta is an IT professional for a U.S. technology and software solutions corporation. Plaintiff Mehta earned his M.S. in Electrical and Electronics Engineering from the University of Bridgeport. Plaintiff Mehta is the beneficiary of an EB-2 visa petition with a priority date of September 2010. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Mehta Spent $1,850.00 on attorney's fees, $500.00 on medical examinations and $50.00 on postage fees. Additionally, Plaintiff Mehta was forced to reject a job offer that would have resulted in a $25,000 annual raise. Additionally, Plaintiff Mehta has not been able to travel for the past four years causing him to miss both his brother's and his sister's weddings. Plaintiff Mehta will serve as Lead Class Representative in this action.

15. Plaintiff **Anandhi Srinivasan** is a citizen of India who currently resides in Seattle, Washington.  Plaintiff Srinivasan is an IT professional for a large US

FIRST AMENDED CLASS ACTION
COMPLAINT – 6

technology corporation.  Plaintiff Srinivasan earned her Bachelors in Electronics and Communication Engineering from Government College of Engineering, Salem, India.  Plaintiff Srinivasan is the beneficiary of an EB2 visa petition with a priority date of December 2010.  Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Srinivasan spent $750 on attorney's fees, $40 on postage fees and $40 on retrieving documents from India and obtaining the required photographs.  Additionally, Plaintiff Srinivasan had to take time off of work to complete her application and obtain the necessary documents from India.  Additional, Plaintiff Srinivasan's spouse, having been unable to obtain H-1B sponsorship for the past six years, is reliant on obtaining an employment authorization document in order to work and save money for the education of their two US citizen daughters.

16. Plaintiff **Sourav Hazra** is a citizen of India who currently resides in Las Vegas, Nevada. Plaintiff Hazra has over 13 years of experience in the IT industry and is a Senior Manager at an international software company. Plaintiff Hazra is the beneficiary of an EB-2 visa petition with a priority date of May 9, 2011. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Hazra spent $1,200.00 on attorney's fees, $420.00 on medical examinations, $1,000.00 on vaccinations, $200.00 on document retrieval from India, and took off of work for one day resulting in $500.00 in lost wages. Plaintiff Hazra and his wife were planning on trying to conceive their second child, but now they must wait at least three months at the advice of their USCIS-approved civil surgeon due to the negative

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA  98104
(206) 682-1080

impacts that the required MMR vaccine can have on fetal development. In addition, Plaintiff Hazra and his wife had to cancel a trip to India, instead sending their 20-month old child with a grandparent and without her parents.

17. Plaintiff **Venkata Shiva Ayyagari** is a citizen of India who currently resides in Placentia, CA. Plaintiff Shiva Ayyagari is an IT Consultant at a large U.S. financial firm. Plaintiff Shiva Ayyagari is the beneficiary of an EB-2 visa petition with a priority date of September 2010. Relying on the October Visa Bulletin, Plaintiff Shiva Ayyagari spent $2,000 on medical examinations, $500 on document retrieval from India, and missed work resulting in $700 in lost hourly wages.

18. Plaintiff **Qi Wang** is a citizen of China who currently resides in Superior, Colorado. Plaintiff Qi works in the renewable energy industry and is a research engineer at National Renewable Energy Laboratory (NREL). NREL is the United States' primary laboratory for renewable energy and energy efficiency research and development. Plaintiff Qi earned his Ph.D. in Mechanical Engineering from Utah State University and has been published in peer reviewed journals. Plaintiff Qi is the beneficiary of an EB-2 visa petition with a priority date of February 2014. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff QI spent $400.00 on medical examinations, $1,400.00 on attorney's fees, $201.00 on document translation, and $200.00 on document retrieval from China.

19. Plaintiff **Quan Yuan** is a citizen of China who currently resides in Eau Claire, Wisconsin. Plaintiff Quan is a Mathematics Professor at University of

FIRST AMENDED CLASS ACTION
COMPLAINT – 8

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA  98104
(206) 682-1080

Wisconsin-Stout. Plaintiff Quan has earned an M.S. in Statistics and a Ph.D. in Applied Mathematics and has published numerous peer reviewed articles on those subjects. Plaintiff Quan is the beneficiary of an EB-2 visa petition with a priority date of April 8, 2014. Relying on State's October 2015 Visa Bulletin, Plaintiff Quan spent $100 to retrieve documents from China and spent $5,000 on his adjustment application.

20. Plaintiff **Ranjit Jain** is a citizen of India who currently resides in Troy, Michigan. Plaintiff Jain is a Medical Doctor who specializes in diagnostic radiology. Plaintiff Jain is the beneficiary of an EB-2 visa petition with a priority date of August 26, 2010. Relying on the October 2015 Visa Bulletin, Plaintiff Jain spent $4,500.00 on attorney's fees, $495.00 on medical examinations, and $72.00 on passport photos, in addition to taking time off of work and suffering mental anguish and stress.

21. Plaintiff **Satyavan Panda** is a citizen of India who currently resides in Apopka, Florida. Plaintiff Panda works in the IT industry and is a project manager at a global technology company specializing in payment technology and services solutions. Plaintiff Panda is the beneficiary of an EB-2 visa petition with a priority date of December 2010. Relying on State's October 2015 Visa Bulletin, Plaintiff Panda spent $950.00 on medical examinations, $2,000.00 on attorney's fees, $200.00 on document retrieval from India, $100.00 on courier and postage and lost wages in the amount of $1,500.00 for taking time off work.

FIRST AMENDED CLASS ACTION
COMPLAINT – 9

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

22. Plaintiff **Ravi Gusain** is a citizen of India who currently resides in Norwalk, CA. Plaintiff Gusain works in the IT industry and is a Technical Lead at a global technology company specializing in electronic payment and service solutions. Plaintiff Gusain is the beneficiary of an EB-2 visa petition with a priority date of March 2010. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Gusain spent $530.00 on medical examinations, $2,100.00 on attorney's fees, and $500.00 on document retrieval. Plaintiff Gusain also passed up a lucrative job offer in the hopes of receiving Employment Authorization Documents and Advanced Parole through Adjustment of Status.

23. Plaintiff **Akshay Kawale** is a citizen of India who currently resides in Sunnyvale, California. Plaintiff Kawale works for a technology company in Silicon Valley that specializes in data storage and management solutions. Plaintiff Kawale earned a M.S. in Information Networking from Carnegie Mellon University and a B.Eng. in Computer Engineering from the University of Mumbai. Plaintiff Kawale is the beneficiary of an EB-2 visa petition with a priority date of June 21, 2011. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Kawale took time off of work to prepare his immigration petition, resulting in $350.00 in lost wages.

24. Plaintiff **Haifeng Xiao** is a citizen of China who currently resides in Plymouth, Minnesota. Plaintiff Haifeng is a senior development engineer within the research and development department at an engineering company. Plaintiff Haifeng is the beneficiary of an EB-2 visa petition with a priority date of April 28,

FIRST AMENDED CLASS ACTION
COMPLAINT – 10

2014. Relying on the October 2015 Visa Bulletin, Plaintiff Haifeng spent $450.00 on medical examinations (plus time off of work to attend the appointment), $9,850.00 on attorney's fees, $600.00 on document retrieval, and $75.00 on courier and postage. Plaintiff Haifeng's father is hospitalized in China with cancer, and she had counted on using the Advance Parole she would secure through the filing of the adjustment application to travel to China to spend time with him.

25. Plaintiff **Vanshaj Bindal** is a citizen of India who currently resides in West Windsor, New Jersey. Plaintiff Bindal is a lead designer focusing on user experience at a major financial institution. Plaintiff **Bindal** is the beneficiary of an EB-2 visa petition with a priority date of June 17, 2011. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Bindal spent $600.00 on medical examinations (plus time off of work to attend the appointment), $3,000.00 on attorney's fees, and $200.00 on document retrieval.

26. Plaintiff **Ravi Vishnuvardhan** is a citizen of India who currently resides in Tucson, Arizona. Plaintiff Vishnuvardhan is an aerospace design engineer, specializing in flight tests and electrical design. Plaintiff Vishnuvardhan is the beneficiary of an EB-2 visa petition with a priority date in May 2011. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Vishnuvardhan spent $550.00 on medical examinations (plus time off work to attend the appointment, which cost him an additional $750.00), $1,700.00 on attorney's fees, $275.00 on passport photographs and other miscellaneous expenses related to the adjustment application paperwork, and $2,750.00 on tickets for a flight he had to skip in order

FIRST AMENDED CLASS ACTION
COMPLAINT – 11

to remain in the country for the filing of his application. On top of those costs, Plaintiff Vishnuvardhan's brother was forced to postpone his wedding.

27. Plaintiff **Venkata Surapaneni** is a citizen of India who currently resides in Herndon, Virginia. Plaintiff Surapaneni has worked for the last eight years as a programmer analyst for a U.S. corporation. Plaintiff Surapaneni is the beneficiary of an EB-2 visa petition with a priority date of November 11, 2010. Relying on the State Department's October 2015 Visa Bulletin, Plaintiff Surapaneni spent $1,200.00 on medical examinations (plus time off of work to attend the appointment), and $120.00 on postal charges and passport photographs. His wife and child are H-4 dependents under his H-1B visa and are not currently authorized to accept employment, which renders these out of pocket expenses a significant burden.

28. Plaintiff **International Medical Graduate (IMG) Taskforce** comprises professionals in law who are dedicated to helping Americans in rural and other physician-shortage areas obtain the basic medical services they so desperately need and deserve. For more than two decades it has strived to educate national and state policy makers, administrative officials, and the American public on the need for fair and reasonable laws for allowing international medical graduates to become licensed as physicians and to begin or continue their medical careers in the United States. Plaintiff IMG Taskforce works on behalf of universities, teaching hospitals, medical centers, and clinics of all sizes, and on behalf of international medical graduates seeking necessary authorizations. Plaintiff IMG also serves to educate

FIRST AMENDED CLASS ACTION
COMPLAINT – 12

and support our members in their practice of physician immigration law. International Medical Graduates (IMGs) comprise nearly 25% of the physician workforce in the United States, nearly 30% of whom are from India, a country particularly hard hit by the EB-2 backlogs.  IMG Taskforce members have been particularly impacted by the Visa Bulletin switch. IMG Taskforce members and member firms have hundreds of applications they have prepared for filing. The firms will lose substantial funds if they refund fees to clients for work that was performed. In many cases, firms paid employees overtime and spent greater resources than normal because of the unexpected work load. If the firms charge their clients for work performed, substantial damage to their relationships with those clients are a distinct possibility.

29. Defendant **DOS** is an executive agency of the United States with responsibility for oversight, management, and distribution of immigrant visas under the INA, as well as the monthly publication of the Visa Bulletin.

30. Defendant **John F. Kerry** is Secretary of State and has supervisory authority over the operations of the Department of State. Secretary Kerry is statutorily responsible for the administration of immigrant visas. He is sued in his official capacity.

31. Defendant **Department of Homeland Security** ("DHS") is an executive agency of the United States with responsibility for adjudicating adjustment of status applications, implementing visa modernization efforts directed by the

FIRST AMENDED CLASS ACTION
COMPLAINT – 13

President, and ensuring that accurate information on the demand for visas is provided to DOS.

32. Defendant **Jeh Johnson** is the Secretary of Homeland Security and has supervisory authority over the operations of DHS. Secretary Johnson is statutorily responsible for adjudicating adjustment applications. He is sued in his official capacity.

33. Defendant **USCIS** is an executive agency of the United States responsible for adjudicating applications for adjustment of status to lawful permanent residence and accurately reporting the demand for immigrant visas to DOS.

34. Defendant **León Rodriguez** is the Director of USCIS and as such is charged with responsibility for adjustment of status adjudications and provision of accurate immigrant visa demand information to DOS. He is sued in his official capacity.

## Statutory, Regulatory, and Policy Framework

### A. Immigrant Visas

35. Immigrant visas allow noncitizens to be admitted to the United States as Lawful Permanent Residents ("LPRs") (colloquially referred to as "green card holders") so that they may live, work, and travel internationally with far fewer restrictions than U.S. non-immigrant visa holders. *See generally* 8 U.S.C. §§ 1101(a)(16), 1101(a)(20), 1255.

36. Obtaining and maintaining an immigrant visa is also a significant step on the path toward United States citizenship and all the rights and privileges that accompany it. *See* 8 U.S.C. § 1427(a).

FIRST AMENDED CLASS ACTION
COMPLAINT – 14

37. A noncitizen who wants to obtain an employment-based immigrant visa must be the beneficiary of an approved visa petition submitted to USCIS (such as an approved Form I-140 petition).

38. The Immigration and Nationality Act ("INA") defines employment-based immigrant visa classifications and sets forth numerical limitations (both worldwide and per country) on employment-based immigrant visas, including a formula for calculating those limitations. 8 U.S.C. § 1151, 1153(b), 1154(b).

39. A maximum of 140,000 employment-based immigrant visas are available each fiscal year under the INA. 8 U.S.C. § 1151(d).

40. Once USCIS approves a visa petition, those living in the United States under a current visa status may adjust their status to that of Lawful Permanent Residents but only if an Immigrant Visa is immediately available. 8 U.S.C. § 1255; 8 C.F.R. § 245.2(a)(2)(i)(A).

**B. The State Department's Visa Number Allocation System**

41. DOS is responsible for administering the provisions of the INA relating to numerical limitations on immigrant visa issuances, including managing the individual allotment of employment-based immigrant visas. 8 U.S.C. § 1153(g).

42. DOS allocates visa numbers for use in connection with the issuance of immigrant visas based on reports from consular officers and reports about applications for adjustment of status reported provided by officers of DHS. 22 C.F.R. § 42.51.

FIRST AMENDED CLASS ACTION
COMPLAINT – 15

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

43. To monitor demand for immigrant visas and manage the visa queue, the DOS Visa Office (VO) operates a Numerical Control System ("NCS") to determine the numbers of visas available for each preference category and country during a given month.[1]

44. When demand for immigrant visa numbers outpaces the statutorily allotted supply in a particular preference category or country, DOS considers the category or country "oversubscribed" and imposes a cut-off date to keep the allocation of visas within the statutory limits for each fiscal year. Those who applied after the cut-off date go into a visa queue.

45. DOS divides applicants in the visa queue by preference category and, if the applicant's native country has exceeded the INA's per-country cap, foreign state chargeability.

46. Once preference category and chargeability are accounted for, DOS determines an applicant's position in the visa queue by referring to his or her priority date, which is the date on which USCIS received the petition (I-130, I-140, I-360, I-526 or, in some cases, foreign labor certification) to accord the applicant immigrant status. 8 C.F.R. § 245.1(g)(2).

**C. The Visa Bulletin**

---

[1] For the State Department's detailed explanation of the INCS, *see* U.S. Department of State, The Operation of the Immigrant Numerical Control System, *available at* http://travel.state.gov/content/dam/visas/Immigrant%20Visa%20Control%20System_operation%20of.pdf (last visited Sept. 27, 2015).

FIRST AMENDED CLASS ACTION
COMPLAINT – 16

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

47. The State Department's Bureau of Consular Affairs reports the availability of immigrant visas using a monthly Visa Bulletin, which is developed by the Immigrant Visa Control and Reporting Division. 9 Foreign Affairs Manual App. E, Ex. II, CA/VO Organization and Functional Responsibilities (West Aug. 31, 2011).

48. The Visa Bulletin indicates when statutorily limited visas are available to prospective immigrants based on their individual priority date, preference category, and chargeability country.

49. Thus, the purpose of the Visa Bulletin is to give applicants and federal agencies timely and dependable notice of who will have an available immigrant visa number beginning on the first day of the following month.

50. The Visa Bulletin allows applicants to check their place in the various family-based and employment-based immigrant visa queues by providing the most recent date when a visa number is available for each category.

51. An Immigrant Visa becomes available to a noncitizen applicant when his or her priority date is earlier than the cut-off date shown in the Visa Bulletin for his or her preference category and country of chargeability, or when the Visa Bulletin shows the numbers for visa applicants in the non-citizen's preference category are "current." 8 C.F.R. § 245.1(g)(1).

## C. Adjustment of Status

52. Once an Immigrant Visa becomes available, the noncitizen may apply for Adjustment of Status. 8 U.S.C. § 1255(a)(3).

FIRST AMENDED CLASS ACTION
COMPLAINT – 17

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

53. USCIS uses the Visa Bulletin to determine whether it will accept Form I-485, Application to Register Permanent Residence or Adjust Status for filing, and to determine when it can make a final adjudication on the application. A visa must be available both at the time the applicant files Form I-485 and at the time USCIS approves the application. 8 C.F.R. § 245.1(g). *See also* 8 C.F.R. § 245.2(a)(2)(i)(A)-(C).

54. Applicants who file for Adjustment of Status must: (a) pay a USCIS-approved civil surgeon to conduct a medical examination and submit the findings to the government; 8 C.F.R. § 245.5; (b) submit a number of forms depending on the basis for the underlying immigrant visa petition including Form I-485 Application to Register Permanent Residence or Adjust Status Form G-325A Biographic Information, Form G-28 Notice of Entry of Appearance as Attorney or Accredited Representative, Form I-131 Application for Travel Document and Form I-765 Application for Employment Authorization; 8 C.F.R § 245.2(a)(3); (c) submit receipt and approval notices for the underlying immigrant visa petition and foreign labor certification (if applicable) 8 C.F.R § 245.2(a)(3); (d) submit immigration photographs; (e) provide copies of marriage and divorce decrees with certified translation if the documents are not in English; (f) provide a copy of a full birth certificate with certified translation if the documents are not in English; (g) obtain and provide a copy of any court records, if applicable; a copy of the applicant's passport, visa stamp, Form I-94 and other immigration-related documents; (h) pay the applicable government filing fee.

FIRST AMENDED CLASS ACTION
COMPLAINT – 18

55. Filing an application to adjust status carries a host of legal benefits. Upon applying for adjustment of status, noncitizens become eligible for fully portable employment authorization that is not dependent on the employer, as well as advance permission to travel abroad. 8 C.F.R. § 274a.12(c)(9); 8 U.S.C. § 1182(d)(5)(A). Applying for adjustment of status prevents the accrual of unlawful presence in the United States in the event the applicant's non-immigrant visa classification will expire. 8 U.S.C. § 1182(a)(9)(B). Filing an adjustment application within a certain period is also a necessary step for noncitizens to protect the ability of their minor children to adjust status prior to 'aging out' pursuant to the Child Status Protection Act. 8 U.S.C. § 1153(h)(1). Foreign employees with approved immigrant visa petitions whose adjustment applications have been on file for at least 180 days without USCIS adjudication are eligible to change jobs in certain circumstances where they would otherwise be unable to do so. 8 U.S.C. § 1154(j).

**D. The Visa Bulletin's Regulatory Effect on Adjustment Applicants**

56. By providing timely and authoritative notice each month to individuals whose preference categories entitle them to apply for an immigrant visa on the first day of the following month, the Visa Bulletin creates and regulates two key windows of time affecting adjustment applicants.

57. The first window, which can be thought of as the Preparation Period, begins as soon as DOS publishes the Visa Bulletin and ends on the first calendar day of the next month—i.e., the month governed by the Visa Bulletin—when adjustment applications may be submitted.

FIRST AMENDED CLASS ACTION
COMPLAINT – 19

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA 98104**
**(206) 682-1080**

58. The Visa Bulletin takes immediate legal and practical effect upon publication by shaping the conduct and expectations of regulated parties and agencies immediately, thus creating the Preparation Period.

59. Because the Visa Bulletin has **never** been permanently revised after issuance in a way that adversely affected applicants' ability to rely on it for guidance on when they can file their adjustment applicants, the practical effect of publishing the Visa Bulletin and triggering the Preparation Period is to immediately induce immigrant visa applicants, their attorneys, and government agencies to take affirmative preparatory steps in reliance on the Bulletin.

60. The second window of time, which can be thought of as the Application Period, begins on the first day of the month covered by the Visa Bulletin and continues until the last day of that month.

61. The Visa Bulletin binds adjustment applicants by structuring and ordering their conduct during both the Preparation Period and the Application Period.

## Factual Background

**A. The Administration's Immigrant Visa Modernization Efforts.**

62. Year in and year out, DOS fails to issue thousands of immigrant visas authorized by Congress. Indeed, "[h]undreds of thousands of [immigrant] visas have gone unissued in the past despite heavy demand for them," according the Secretary of Homeland Security Jeh Johnson.[2] In the past five years alone, an average of 2%

---

[2] Memorandum from Jeh Johnson for León Rodriguez and Thomas Winkowski re: Policies Supporting U.S. High-Skilled Businesses and Workers, at 2 (Nov. 20, 2014) (hereinafter, "Johnson Memo"), *available at*

FIRST AMENDED CLASS ACTION
COMPLAINT – 20

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

of immigrant visas—representing tens of thousands of potential new green cards—have gone unused due to systemic inefficiencies in the visa allotment system.[3]

63. On November 20, 2014, the President announced a sweeping set of executive actions aimed at improving and modernizing America's broken immigration system.[4]

64. One aspect of the President's announcement was a Presidential Memorandum on Modernizing and Streamlining the U.S. Immigrant Visa System for the 21st Century.[5]

65. The President directed the Secretaries of State and Homeland Security to develop, within 120 days, recommendations "to ensure that administrative policies, practices, and systems use all of the immigrant visa numbers that Congress provides for and intends to be used, consistent with demand."[6]

66. Secretary Johnson, in turn, directed USCIS to "continue and enhance its work with the Department of State to ensure that all immigrant visas authorized by Congress are issued to eligible individuals," and also to "work with the Department

---

http://www.dhs.gov/sites/default/files/publications/14_1120_memo_business_actions.pdf (last visited Sept. 27, 2015).

[3] The White House, Modernizing & Streamlining Our Legal Immigrant System for the 21st Century at 14 (July 2015) (hereinafter "White House Modernization Report"), *available at* https://www.whitehouse.gov/sites/default/files/docs/final_visa_modernization_report1.pdf (last visited Sept. 27, 2015).

[4] The White House, Fact Sheet: Immigration Accountability Executive Action (Nov. 20, 2014), *available able* https://www.whitehouse.gov/the-press-office/2014/11/20/fact-sheet-immigration-accountability-executive-action (last visited Sept. 28, 2015).

[5] *See* https://www.whitehouse.gov/the-press-office/2014/11/21/presidential-memorandum-modernizing-and-streamlining-us-immigrant-visa-s (last visited Sept. 28 2015). *See also* 79 Fed. Reg. 70769 (Nov. 26, 2014).

[6] *Id.* at 70769-70.

FIRST AMENDED CLASS ACTION
COMPLAINT – 21

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA  98104
(206) 682-1080

of State to improve the system for determining when immigrant visas are available to applicants during the fiscal year." [7]

67. Secretary Johnson also noted, "Department of State has agreed to modify its visa bulletin system to more simply and reliably make such determinations."[8]

68. In July 2015, after extensive inter-agency coordination and consultation and a Request for Information published in the Federal Register which elicited approximately 1,650 responses, 79 Fed. Reg. 78458 (Dec. 30, 2014), the White House announced:

> Later this year, State, in consultation with DHS, will revise the monthly Visa Bulletin to better estimate immigrant visa availability for prospective applicants, providing needed predictability to nonimmigrant workers seeking permanent residency. The revisions will help ensure that the maximum number of available visas is issued every year, while also minimizing the potential for visa retrogression. **These changes will further allow more individuals seeking LPR status to work, change jobs, and accept promotions. By increasing efficiency in visa issuance, individuals and their families who are already on a path to becoming LPRs will have increased security that they can stay in the United States, set down roots, and more confidently seek out opportunities to build lives in our country.**[9]

**B. The October 2015 Visa Bulletin.**

69. Following through on the promise of this announcement by the White House, on September 9, 2015, DOS published the October 2015 Visa Bulletin, which included critical substantive improvements. Exhibit A.

---

[7] Johnson Memo at 2.
[8] *Id.*
[9] White House Modernization Report at 29 (emphasis added).

FIRST AMENDED CLASS ACTION
COMPLAINT – 22

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

70. In addition to providing charts reflecting the normal cut-off priority dates in each visa preference and chargeability category, which it now terms "Application Final Action Dates" ("FADs"), the modernized October 2015 Visa Bulletin included a second chart with a new set of dates, called "Dates for Filing Applications," ("filing dates") reflecting when adjustment applications may be filed.

71. State's addition of filing dates is precisely the modernization of the Visa Bulletin the White House touted. More efficient filing of adjustment applications allows "more individuals seeking LPR status to work, change jobs, and accept promotions[,] set down roots, and more confidently seek out opportunities to build lives in our country." And it allows more efficient usage of immigrant visa numbers to help prevent them going unused.

72. With respect to applications with USCIS, the October 2015 Visa Bulletin provides that the FADs should be used to determine when to file, "unless otherwise indicated in this bulletin":

FIRST AMENDED CLASS ACTION
COMPLAINT – 23

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**



United States Department of State
Bureau of Consular Affairs

# VISA BULLETIN

| Number 85 Volume IX | Washington, D.C. |
| --- | --- |

### IMMIGRANT NUMBERS FOR OCTOBER 2015

A.   STATUTORY NUMBERS

This bulletin summarizes the availability of immigrant numbers during October for: "Application Final Action Dates" (consistent with prior Visa Bulletins) and "Dates for Filing Applications," indicating when immigrant visa applicants should be notified to assemble and submit required documentation to the National Visa Center.

Unless otherwise indicated in this bulletin, individuals seeking to file applications for adjustment of status with U.S. Citizenship and Immigration Services (USCIS) in the Department of Homeland Security must use the "Application Final Action Dates" charts below for determining when they can file such applications. This bulletin may indicate the ability for such individuals to instead use the "Dates for Filing Visa Applications" charts, when USCIS determines that there are more immigrant visas available for the fiscal year than there are known applicants for such visas. Applicants for adjustment of status may refer to USCIS for additional information by visiting www.uscis.gov/visabulletininfo.

73. Paragraph 5.B of the October 2015 Visa Bulletin addresses the filing dates for employment-based immigrant visas. Ex. A at 5. With respect to applications for adjustment of status, the October 2015 Visa Bulletin indicates that USCIS **will** accept adjustment of status applications filed pursuant to the filing date, rather than the final action date:

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

USCIS has determined that this chart may be used (in lieu of the chart in paragraph 5.A.) this month for filing applications for adjustment of status with USCIS. Applicants for adjustment of status may visit www.uscis.gov/visabulletininfo for additional information.

| Employment-Based | All Chargeability Areas Except Those Listed | CHINA - mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| 1st | C | C | C | C | C |
| 2nd | C | 01MAY14 | 01JUL11 | C | C |
| 3rd | 01SEP15 | 01OCT13 | 01JUL05 | 01SEP15 | 01JAN15 |
| Other Workers | 01SEP15 | 01JAN07 | 01JUL05 | 01SEP15 | 01JAN15 |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| 5th Targeted Employment Areas/ Regional Centers and Pilot Programs | C | 01MAY15 | C | C | C |

## C. USCIS Unequivocally Adopts the October 2015 Visa Bulletin's Filing Dates.

74. On September 9, 2015—the same day the State Department released the October 2015 Visa Bulletin indicating USCIS would accept adjustment applications in accordance with the filing date chart—USCIS published the Dates for Filing Applications listed in the October 2015 Visa Bulletin on its website at the address listed in the Visa Bulletin. Exhibit B.

75. Specifically, in the "When to File" section of USCIS's page, the agency provides the filing date charts contained in Paragraph 5.B of the October 2015 Visa Bulletins. Ex. B.

76. USCIS also created and posted to its website an Infographic describing a four-step process immigrant visa applicants should use to understand the adjustment of status process. Exhibit C. Under Step 4, USCIS instructs potential

FIRST AMENDED CLASS ACTION
COMPLAINT – 25

applicants to "Check the DOS Visa Bulletin", because "It will explain" which chart

to use to determine when applicants can file for adjustment of status:



4. **Find out if you can file your I-485: Check the DOS Visa Bulletin.**
It will explain whether you should use the **Application Final Action Dates chart** or **Dates for Filing Visa Applications chart** to determine when you can file.

**To use the charts:**

1. Find your visa type in the first column (on the left) of the appropriate chart (Family-sponsored, Employment-based, or Diversity Visa).

2. Stay in that row and move directly to the right to find the corresponding date under the country of your birth (as listed in the boldface columns across the top).

3. If the date on the chart is current ("C") or your priority date is earlier than the date on the chart, you may file your adjustment of status application, if otherwise eligible to do so.

**U.S. Citizenship and Immigration Services**

Visit the USCIS **"When to File Your Adjustment of Status"** page. USCIS will also post the correct chart on this page.

77. In addition, on September 9, 2015, the USCIS Public Affairs Office released

an announcement captioned, "USCIS Announces Revised Procedures for

Determining Visa Availability for Applicants Waiting to File for Adjustment of

Status." Exhibit D.

78. In this announcement, USCIS notes the introduction of two charts into the

Visa Bulletin, with one representing final action dates and the other representing

filing dates. Ex. D.

79. Through this announcement, USCIS informed the public: "Each month, in

coordination with DOS, USCIS will monitor visa numbers and post the relevant

DOS Visa Bulletin chart. Applicants can use the charts to determine when to file

their Form I-485, Application to Register Permanent Resident or Adjust Status."

Ex. D.

FIRST AMENDED CLASS ACTION
COMPLAINT – 26

80. USCIS thus confirmed DOS's identification of who should act during the Preparation Period to get their adjustment applicants ready.

**D. Thousands Prepare Adjustment of Status Applications in Response to the October 2015 Visa Bulletin.**

81. Taken in tandem, the July 2015 White House Report, the October 2015 Visa Bulletin, the USCIS visa bulletin webpage, and the USCIS announcement all indicated clearly and unequivocally that employment-based immigrant visa applicants with priority dates reflected in the filing dates chart would be able to file applications for adjustment of status beginning on October 1, 2015.

82. The October 2015 Visa Bulletin placed thousands of law-abiding immigrants just 21 short days away from the long-awaited opportunity to change jobs, accept promotions, travel abroad, and put down more lasting roots in the United States by purchasing homes, starting businesses, and preserving family members' ability to work and study long-term.

83. In reliance on the government's modernized Visa Bulletin, thousands of highly skilled Chinese and Indian employment-based immigrant visa applicant began the timely, costly, and disruptive process of gathering documentation, obtaining medical certificates, and filling out applications.

84. For example, a highly skilled government contractor, who also happens to be the mother of a newborn baby less than two weeks old rushed to get her application prepared, including enduring a three-hour wait with her baby while a USCIS-approved Civil Surgeon reviewed their vaccinations.

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

85. A software developer and aspiring inventor and entrepreneur began pitching his idea for a start-up, contacting vendors, drawing out plans for execution, and beginning plans to launch his new venture on the day he received his employment authorization card. He spent thousands of dollars preparing the applications for himself and his wife.

86. Multiple pregnant mothers had to choose between an opportunity to adjust status or the health of their fetus upon being required by USCIS-approved civil surgeons to undergo an MMR vaccine in order to be medically cleared for adjustment.

87. Plaintiffs, through their counsel, are aware of no fewer than 1,000 individuals who, on behalf of themselves and their families, have spent, on average, $2056 to prepare their adjustment of status applications.

**F. DOS and USCIS Abruptly and Inexplicably Revise the Visa Bulletin.**

88. On September 25, 2015, less than four business days before thousands of immigrant visa applicants and their attorneys could begin sending adjustment applications to USCIS in reliance on the October 2015 Visa Bulletin, the Department of State abruptly issued a Revised Visa Bulletin. Exhibit E.

89. The Revised Visa Bulletin alters the filing dates for six categories of immigrants, including EB-2 applicants from both China and India. Ex. E at 6.

90. The Revised Visa Bulletin thus significantly reduces the number of applicants who will be able to file adjustment applications on October 1, 2015. Specifically, it lops off 17 months' worth of Chinese EB-2 applicants, including

FIRST AMENDED CLASS ACTION
COMPLAINT – 28

Plaintiffs Qi, Quan, and Haifeng, by eliminating individuals with priority dates between the original Bulletin's cut-off of May 1, 2014 and the revised cut-off of January 1, 2013.

91. Similarly, the Revised Visa Bulletin eliminates two years' wroth of Indian EB-2 applicants from eligibility to file by retrogressing the cut-off from July 1, 2011 to July 1, 2009.

92. As a result of these changes, the vast majority of individuals, potentially numbering in the tens of thousands, who would have been able to file adjustment applications under the original Visa Bulletin on October 1, 2015 are no longer able to do so under the Revised Visa Bulletin.

93. The Revised Visa Bulletin indicates that these changes occurred, "[f]ollowing consultations with the Department of Homeland Security (DHS)."

94. But DOS offers no additional or reasoned explanation for why those consultations altered the dates so dramatically, why the information DHS provided in those consultations was not provided prior to the issuance of the October 2015 Visa Bulletin, as required by 22 C.F.R. § 42.51, and why no more advance notice was possible.

95. In fact, the Revised Visa Bulletin provides applicants no reasoned explanation whatsoever for DOS's radical recalculation.

96. The Revised Visa Bulletin does, however, assure the thousands of immigrant visa applicants who spent much of September preparing their adjustment applications that "DHS will rely on this revised bulletin, rather than the bulletin

FIRST AMENDED CLASS ACTION
COMPLAINT – 29

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

published on September 9, 2015, when considering whether an individual is eligible to file an application for adjustment of status."

**G. DOS's Only Previous Attempt at Visa Bulletin Revision Failed.**

97. In the decades-long history of the Visa Bulletin, DOS has only ever attempted to make a substantive revision that negatively affected the rights of applicants to submit applications on one other occasion.

98. That ill-fated attempt, undertaken in the summer of 2007, failed spectacularly.

99. After attempting to unlawfully revise the July 2007 Visa Bulletin (issued June 12, 2007) and threatening to reject thousands of applications based on that revision (issued July 2, 2007), the government withdrew the revised version and allowed all applicants who would have been eligible under the original bulletin to file adjustment applications.

100. Recognizing the intense public outcry created by undermining the integrity and reliability of the Visa Bulletin through sudden, unannounced changes that negatively impacted the rights of applicants, then-Director of USCIS Emilio Gonzalez stated, "The public reaction to the July 2 announcement made it clear that the federal government's management of this process needs further review." Director Gonzalez assured the public he was "committed to working with Congress and the State Department to implement a more efficient system in line with public expectations."

FIRST AMENDED CLASS ACTION
COMPLAINT – 30

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

101.    What was true in July 2, 2007 was no less true on September 25, 2015: the Department of State has **never** issued and then enforced a revision to the Visa Bulletin that so negatively affected adjustment of status applicants.

102.    As a result, the hundreds of thousands of applicants waiting in the visa queue, including thousands who, like Plaintiffs, scrambled and paid thousands of dollars so they could submit their adjustment of status applications on October 1, 2015, heretofore had no reason to doubt the Visa Bulletin's representation that an application may be submitted at the beginning of the next month.

103.    Whereas the President and the Secretary of Homeland Security promised a modernized immigrant visa system that would encourage highly skilled workers like Plaintiffs to invest, put down roots, and feel secure in their long-term ability to remain in the United States while their green card applications are pending, Defendants' actions have had precisely the opposite effect. Rather than encouraging economic development and civic participation through improvements to the Visa Bulletin, Defendants' actions threaten to permanently undermine the public's reliance on it, thus significantly diminishing the numbers of immigrant visas that will be used each year, and leading to increasing volatility in visa demand.

## Exhaustion of Administrative Remedies

104.    No administrative remedy exists allowing any of the Plaintiffs to redress the harm Defendants have caused by abruptly abandoning the October 2015 Visa Bulletin and substituting it with the Revised Visa Bulletin.

FIRST AMENDED CLASS ACTION
COMPLAINT – 31

## Class Action Allegations

105.     Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and (b). Plaintiffs seek to represent a class of persons, provisionally defined as follows:

>    a.  All foreign nationals within the EB-2 preference category who would have been eligible to file applications for adjustment of status with USCIS on October 1, 2015 under the October 2015 Visa Bulletin but who are no longer able to do so as a result of the issuance of the Revised Visa Bulletin. Specifically:

>        i.  Indian Nationals in the EB-2 Category with Priority Dates between July 2, 2009 and July 1, 2011; and

>        ii.  Chinese Nationals in the EB-2 Category with Priority Dates between January 2, 2013 and May 1, 2014.

106.     Plaintiffs satisfy all requirements of Rule 23. The proposed class is so numerous and geographically diverse that joinder of all members is impracticable. The precise number of potential class members is no fewer than 1,000 individuals who have already been identified by Plaintiffs, through counsel, but is estimated, on information and belief to include many thousands of individuals.

107.     The questions of law and fact at issue are common to the proposed class, including whether Defendants acted without lawful authority, and whether their actions violated the INA, APA, Due Process Clause, or other laws.

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

108.     Plaintiffs' claims are typical of the claims of the proposed class, insomuch as all of these individuals suffer the same deprivations of regulatory and statutory rights available to applicants for adjustment of status by being deprived of the opportunity to file on October 1, 2015, as originally guaranteed by the October 2015 Visa Bulletin.

109.     The named Plaintiffs will fairly and adequately protect the interests of the proposed class because they seek declaratory and injunctive relief on behalf of the class as a whole and have no interest antagonistic to other members of the class.

110.     The prosecution of separate suits by individual class members would create the risk of inconsistent and varying adjudications. Questions of law and fact common to class members predominate over any questions affecting only individual class members, and a class action is superior to all other available methods for the fair and efficient adjudication of the claims in this case.

111.     The named Plaintiffs are represented by competent counsel with extensive experience in immigration law and federal court litigation, including class actions. Plaintiffs' counsel are representing the Plaintiffs and the class *pro bono*, and are willing and able to protect the interests of the class.

112.     Finally, Defendants have acted on grounds generally applicable to the class, therefore making appropriate final declaratory and injunctive relief with respect to the class as a whole.

## Claims for Relief
### Count I: Violation of the Administrative Procedure Act: 5 U.S.C. § 706(2) Arbitrary & Capricious Agency Action & Agency Action Contrary to Law

**(Rescission of the October 2015 Visa Bulletin Without Notice or Explanation)**

113.     All previous paragraphs are incorporated as though fully set forth herein.

114.     The publication of each month's Visa Bulletin constitutes final agency action pursuant to 5 U.S.C. § 704. As described in the Bulletin itself and in the State Department's Immigrant Number Control System, publication of the Visa Bulletin marks the consummation of the DOS Bureau of Consular Affairs Visa Office's statutorily-required decision-making process with respect to availability of immigrant visas, and consequently, eligibility of applicants to submit adjustment applications, during the coming month. Because the Visa Bulletin defines, *inter alia*, categories of individuals whose priority dates make them eligible to submit adjustment applications, it also determines the rights of adjustment applicants, the obligations of the USCIS to those applicants, and the legal consequences that flow from DOS's calculation of filing dates.

115.     Specifically, during both the Preparation and the Application Period, USCIS uses the Visa Bulletin to determine whether to accept *and* whether to approve an Adjustment of Status application by an Immigrant Visa Applicant. 8 C.F.R. § 245.1(g)(1); 8 C.F.R. § 245.2. *See also* 9 FAM 42.41 N10.3-3 (West Oct. 1, 1997).

116.     DOS's abrupt rescission of the October 2015 Visa Bulletin and replacement of that publication with the Revised October Visa Bulletin, and USCIS's consequent threatened refusal to honor the application filing dates in the

FIRST AMENDED CLASS ACTION
COMPLAINT – 34

October 2015 Visa Bulletin, constitutes arbitrary and capricious agency action, an abuse of discretion, and failure to observe the procedure required by DOS regulations and the Immigrant Number Control System.

117.    The Revised Bulletin inexplicably departs from five decades of settled agency practice, *i.e.*, issuing only a *single* bulletin each month, based upon the Immigrant Number Control System process, that provides the agency's final, authoritative statement of DOS as to who may file immigrant visa adjustment applications.

118.    The Bulletin offers *no* explanation for its departure for the agency's settled practice.

119.    Defendants' actions in rescinding the October Visa Bulletin and publishing the Revised Visa Bulletin retroactively altered the legal rights of Plaintiffs and class members during the Preparation Period, and threaten to do the same during the Application period.

120.    DOS and USCIS' abrupt and radical abrogation of their own publicly announced Visa Bulletin and policies governing it left applicants for adjustment of status with no adequate notice of the agency's changed position.

121.    As a result, Plaintiffs and members of the class they seek to represent spent thousands of hours and millions of dollars which will they will never be able to get back preparing to file adjustment of status applications that USCIS now says it will reject.

FIRST AMENDED CLASS ACTION
COMPLAINT – 35

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

122.    On information and belief, no material change in fact that would justify altering the filing dates in the October Visa Bulletin occurred between September 9, 2015 and September 25, 2015. Rather, all of the information that was available to DOS in making its calculations in the Revised Visa Bulletin was also available to the agency prior to issuing the October Visa Bulletin.

123.    Accordingly, Plaintiffs seek declaratory and injunctive relief that Defendants' actions in abruptly and inexplicably rescinding the October 2015 Visa Bulletin are arbitrary, capricious, contrary to law, and an unlawful departure from the procedures established by law.

**Count II: Violation of the Administrative Procedure Act: 5 U.S.C. § 706(2)**
**Agency Action in Excess of Statutory Authority and Without Observance**
**of the Procedure Required by Law**
**(Improper Sub-delegation to USCIS of Power Over the Visa Bulletin)**

124.    All previous paragraphs are incorporated as though fully set forth herein.

125.    Congress has designated the statutory authority to allocate immigrant visa numbers to the Secretary of State, and with it, the implied duty to notify applicants and agencies of when those numbers are available. 8 U.S.C. § 1153(g).

126.    The State Department implemented Congress' vesting of statutory authority in the Secretary by promulgating 22 C.F.R. § 42.51, and creating the Immigrant Number Control System.

127.    The Visa Bulletin represents the agency's monthly exercise of this statutory and regulatory authority.

FIRST AMENDED CLASS ACTION
COMPLAINT – 36

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

128.    While DHS has the duty to report adjustment of status applications to the State Department's VO so that State can discharge its statutory and regulatory duties,

129.    USCIS' threatened actions, i.e., enforcing the cut-off dates in the Revised Visa Bulletin, rather than those published in the October Visa Bulletin, are in excess of statutory authority and limitations because they allow USCIS to improperly substitute its agency interests and decision-making regarding the demand for immigrant visas, for that of the State Department, in violation of the INA and 5 U.S.C. § 706(2)(C), or in the alternative to short-circuit the visa bulletin process required by State Department statutes and regulations, thus violating 5 U.S.C. § 706(2)(D).

130.    DHS's claimed authority to overrule the State Department's visa demand calculations would allow State to impermissibly delegate its statutory responsibilities to USCIS.

131.    Plaintiffs are suffering immediate and irreparable harm as a result of this improper agency sub-delegation. But for USCIS's improper influence, the October 2015 Visa Bulletin would not have been rescinded, and Plaintiffs and the class they seek to represent would be eligible to apply for adjustment of status beginning October 1, 2015.

### Count III: Violation of the Fifth Amendment's Due Process Clause

132.    All previous paragraphs are incorporated as though fully set forth herein.

FIRST AMENDED CLASS ACTION
COMPLAINT – 37

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

133.     Plaintiffs have a clearly established liberty interest under the Fifth Amendment's Due Process Clause in receiving adequate notice of agency actions affecting their rights and obligations under federal immigration statutes and regulations so they may plan accordingly during the Preparation Period.

134.     As a matter of Due Process, if Congress creates a benefit and the applicant is statutorily eligible to apply, the agency must accept the application and adjudicate it.

135.     The right to apply for statutory benefits established by Congress is a right protected by the Due Process Clause. *See, e.g.*, *Haitian Refugee Center v. Nelson*, 872 F.2d 1555, 1562 (11th Cir. 1989), *aff'd sub nom. McNary v. Haitian Refugee Center*, 498 U.S. 479 (1991) (due-process right to apply for Special Agricultural Worker program). *See also Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 553 (9th Cir. 1990) (statutory right to apply for asylum).

136.     Defendants' failure to afford Plaintiffs adequate notice of its abrupt and unprecedented agency actions, causing them to expend significant time and resources with the reasonable expectation that the agency would follow its decades-old, established practice of abiding by the Visa Bulletin violates Plaintiffs' clearly established constitutional due process right by depriving them of adequate notice of substantial agency policy changes prior to the commencement of the Preparation Period.

137.     Defendants afforded Plaintiffs no process of law before or after depriving them of their constitutionally protected liberty interest.

FIRST AMENDED CLASS ACTION
COMPLAINT – 38

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

138.     Plaintiffs are presently suffering immediate, ongoing, and irreparable harm as a result of Defendants' deprivation of their liberty interests without due process.

## Request for Relief

**WHEREFORE**, Plaintiffs request that judgment enter in their favor and against Defendants, and that the Court:

A.   Permit this case to proceed as a class action and certify the class as defined when requested by Plaintiffs;

B.   Declare Defendants' acts and omissions complained of herein violate the INA, Defendants' regulations, the APA, and the Due Process Clause of the Fifth Amendment;

C.   Order Defendants to identify and accept all adjustment applications submitted in reliance on the October 2015 Visa Bulletin published on September 9, 2015, and require Defendants to establish a reasonable application period during which adversely affected Plaintiffs and class members may resubmit rejected applications;

D.   Order Defendants to issue interim benefits for all properly filed adjustment applications submitted in reliance on the October 2015 Visa Bulletin published on September 9, 2015;

E.   Enter a temporary restraining order, then preliminary injunction enjoining Defendants from enforcing the Revised Visa Bulletin by rejecting adjustment applications properly filed in reliance on the October 2015 Visa

FIRST AMENDED CLASS ACTION
COMPLAINT – 39

Bulletin, and requiring USCIS to immediately identify and accept adjustment of status applications in accordance with the October 2015 Visa Bulletin;

F.    Award Plaintiffs reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G.    Award all other relief to Plaintiffs that it deems just, equitable, and proper.

Dated:  September 30, 2015                 Respectfully submitted,

/s/ R. Andrew Free
R. ANDREW FREE, TN BPR No. 30513
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 244-4345
Andrew@ImmigrantCivilRights.com

/s/ Gregory H. Siskind*
**GREGORY H. SISKIND, TN BPR No.**
**14487**
Siskind Susser, PC
1028 Oakhaven Road
Memphis, TN 38119
Telephone: (901) 682-6455
Facsimile: (901) 339-9604
GSiskind@visalaw.com

   /s/  Robert GibbsPauw
Robert H. Gibbs, WSBA 5932
Robert Pauw, WSBA 13613
Gibbs Houston Pauw
1000 Second Avenue, Suite 1600

FIRST AMENDED CLASS ACTION
COMPLAINT – 40

Seattle, WA 98104-1003
(206) 682-1080

*Applications for Admission Pro Hac Vice
forthcoming*

FIRST AMENDED CLASS ACTION
COMPLAINT – 41

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Certificate of Service

I hereby certify that on this date I served upon the following counsel for the Defendants a true and accurate copy of the foregoing *First Amended Class Action Complaint for Declaratory and Injunctive Relief* via email and U.S. mail, postage prepaid:

Glenn M. Girdharry
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
F: (202) 305-7000
glenn.girdharry@usdoj.gov

Sarah Wilson
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Sarah.S.Wilson@usdoj.gov

Civil Chief
United States Attorneys Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970


Dated: September 30, 2015              /s Robert Pauw

FIRST AMENDED CLASS ACTION
COMPLAINT – 42

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**