District Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE, WASHINGTON

| | |
|---|---|
| Chintan MEHTA, *et al.*, | Case No.: 2:15-cv-01543-RSM |
| *Plaintiffs,* | EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| U.S. DEPARTMENT OF STATE, *et al.*, | NOTE FOR: September 30, 2015 |
| *Defendants.* | ORAL ARGUMENT REQUESTED |

Plaintiffs respectfully request that this Court order Defendant United States Citizenship and Immigration Services ("USCIS") to identify and accept all adjustment applications filed by Plaintiffs and individuals whose priority dates, preference categories, and nationalities place them within the definition of the proposed Class pending the outcome of this litigation.

Because Defendants' threatened unlawful actions are currently set to begin October 1, 2015, Plaintiffs respectfully request an immediate hearing on their Motion. Pursuant to W.D. Wash. LCR 65(b)(1), counsel for the Plaintiffs have been in contact with counsel for the Defendants, whose contact information is listed on

PLAINTIFFS' EMERGENCY MOTION FOR
TRO – 1
Case No. 2:15-cv-01543-RSM

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA  98104
(206) 682-1080

the final page of this filing. Plaintiffs' counsel certify that they have supplied a copy of this Motion contemporaneously with this filing.

Legal Standard for Temporary Restraining Order

A party seeking a temporary restraining order must establish the following elements:

(1) likely success on the merits;

(2) likely irreparable harm in the absence of preliminary relief;

(3) the balance of equities tips in the plaintiff's favor; and

(4) an injunction is in the public interest.

*Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Ninth Circuit employs a "sliding scale" approach, according to which the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) (concurring with several other circuit courts that *Winter* does not displace the traditional sliding scale inquiry).

Likelihood of Success on the Merits

Plaintiffs are likely to succeed on the merits of their claims because the Defendants' abrupt and unexplained change in visa bulletin policy constitutes arbitrary and capricious action in violation of the Administrative Procedure Act ("APA") and the Immigrant and Nationality Act ("INA"), and because Defendants' failure to give Plaintiffs and other affected parties adequate notice of their intent to

PLAINTIFFS' EMERGENCY MOTION FOR
TRO – 2
Case No. 2:15-cv-01543-RSM

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

fundamentally alter Plaintiffs' legal rights violates the Due Process Clause of the Fifth Amendment.

Plaintiffs are likely to prevail on their APA claims. In assessing the likelihood of success on the merits of a movant's APA claims, courts apply the arbitrary and capricious standard of review set forth in the Act. *Nat'l Wildlife Fed'n v. NMFS*, 524 F.3d 917 (9th Cir. 2008). Under the APA, reviewing courts may reverse agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). No deference to the agency is due when the agency completely fails to address a factor that was essential to making an informed decision. *Nat'l Wildlife Fed'n*, 422 F.3d at 798.

"Though the agency's discretion is unfettered at the outset, if it announces and follows-by rule or by settled course of adjudication-a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion' within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)." *INS v. Yang*, 519 U.S. 26, 32 (1996). An agency's "[s]udden and unexplained change, or change that does not take into account legitimate reliance on prior interpretations may be arbitrary, capricious, [or] an abuse of discretion." *Smiley v. Citibank*, 517 U.S. 735, 742 (1996) (internal references omitted). *See also Atchison T. & S.F. Ry. Co. v. Wichita Bd. of Trade*, 412 U.S. 800, 808 (1973) ("There is, then, at least a presumption that th[e] policies will be carried out best if the settled rule is adhered to. From this

PLAINTIFFS' EMERGENCY MOTION FOR
TRO – 3
Case No. 2:15-cv-01543-RSM

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

presumption flows the agency's duty to explain its departure from prior norms. . . . Whatever the ground for the departure from prior norms, however, it must be clearly set forth.") (internal references omitted). Finally, the APA requires a more substantial justification for an agency's policy change when the agency's new action "rests upon factual assumptions that contradict those which underlay its prior policy; or when its prior policy has engendered substantial reliance interests that must be taken into account." *Fox Television Stations v. FCC*, 556 U.S. 502, 515 (2009).

In this case, Defendants' abrupt rescission and replacement of the October 2015 Visa Bulletin meets the textbook definition of an arbitrary and capricious action. As a threshold matter, State's rescission of the original October 2015 Visa Bulletin,[1] and replacement of it with a Revised Visa Bulletin,[2] constitutes final agency action, and thus, is subject to the APA's judicial review provisions. 5 U.S.C. § 704. *Bennett v. Spear*, 520 U.S. 154, 178 (1997). The October 2015 Visa Bulletin represented the culmination of the Department of State ("DOS")'s decision-making process, undertaken pursuant to the Secretary of State's authority under 8 U.S.C. § 1153(g), 22 C.F.R. § 42.51, and the Immigrant Number Control System, regarding the available cut-off dates for filing adjustment applications beginning October 1, 2015.[3] The October 2015 Visa Bulletin defined, *inter alia*, categories of individuals whose

---

[1] ECF No. 1-1, Ex. A to Pltfs' Compl.
[2] Ex. E.
[3] Ex. A; *See also* Ex F, Declaration of Cyrus Mehta; Ex. G, Declaration of Charles H. Kuck; Ex. H, Declaration of Sharon Mehlman on behalf of the Alliance of Business Immigration Lawyers (ABIL).
PLAINTIFFS' EMERGENCY MOTION FOR
TRO – 4
Case No. 2:15-cv-01543-RSM

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA 98104
(206) 682-1080

priority dates would make them eligible to submit adjustment applications on October 1, 2015.[4] The bulletin determined the rights of adjustment applicants, the obligations of USCIS to those applicants, and the legal consequences that flow from DOS's calculation of filing dates.[5] Accordingly, the October 2015 Visa Bulletin was a final agency action, and so, too, was the Revised Visa Bulletin purporting to modify it. *Bennett*, 520 U.S. at 178.

DOS provided no contemporaneous justification for altering its policy on September 25, other than an ambiguous and puzzling reference to consultation with DHS that should, by regulation, have occurred prior to the publication of the original bulletin on September 9.[6] DOS abandoned decades of firmly entrenched agency practice, which engendered such reliance on the part of Plaintiffs and other during the Preparation Period for adjustment applications. Considerable, justifiable reliance interests existed requiring State to provide advance notice and reasoned justification for its departure from its practice of issue a single, definitive Visa Bulletin each month. Accordingly, State's unexplained, clear departure from its settled procedures, substantially altering and diminishing the rights of Plaintiffs and potential class members, constitutes arbitrary and capricious agency action.

Plaintiffs are also likely to succeed on their Due Process claim. Plaintiffs have a clearly established liberty interest under the Fifth Amendment's Due Process Clause in receiving adequate notice of agency actions affecting their rights and

---

[4] Ex. A.
[5] *See also* Ex. F, Mehta Decl., Ex. G, Kuck Decl., and Ex. H, ABIL Declaration.
[6] ECF No. 1-5, Ex. E to Pltfs' Compl. at 1.

PLAINTIFFS' EMERGENCY MOTION FOR
TRO – 5
Case No. 2:15-cv-01543-RSM

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

obligations under federal immigration statutes and regulations. Such notice is necessary and implied by the Preparation Period, the Immigration Number Control System, and decades of unaltered agency practice.

As a matter of Due Process, if Congress creates a benefit and the applicant is statutorily eligible to apply, the agency must accept the application and adjudicate it. The right to apply for statutory benefits established by Congress is a right protected by the Due Process Clause. *See, e.g.*, *Haitian Refugee Center v. Nelson*, 872 F.2d 1555, 1562 (11th Cir. 1989), *aff'd sub nom. McNary v. Haitian Refugee Center*, 498 U.S. 479 (1991) (due-process right to apply for Special Agricultural Worker program). *See also Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 553 (9th Cir. 1990) (statutory right to apply for asylum). By corollary, those who take actions, such as the preparation of applications, in reliance on their due-process right to apply for the benefit are entitled to adequate notice if that benefit is to be taken away.

Defendants' failure to afford Plaintiffs adequate notice of the government's drastic alteration, and in Plaintiffs' case, deprivation of these due-process rights, until the end of the Preparation Period caused Plaintiffs and class members to expend significant time and resources with the reasonable expectation that the agency would follow its decades-old, established practice of abiding by the Visa Bulletin. Defendants violated Plaintiffs' clearly established constitutional due process rights by depriving them of adequate notice of substantial agency policy changes prior to the commencement of the Preparation Period. Defendants afforded

PLAINTIFFS' EMERGENCY MOTION FOR TRO – 6
Case No. 2:15-cv-01543-RSM

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA 98104
(206) 682-1080

Plaintiffs no process of law before or after depriving them of their constitutionally protected liberty interest.

Likely Irreparable Harm

In the absence of the temporary relief requested, Plaintiffs and members of the Proposed Class are likely to suffer several forms of irreparable harm. *First,* allowing USCIS to enforce the Revised Visa Bulletin at the beginning of the Application Period on October 1, 2015 will deprive Plaintiffs of due process under the Fifth Amendment. USCIS will permanently alter Plaintiffs' relationship to other applicants in the queue of adjustment applications processed by the agency, denying Plaintiffs their due-process to apply for adjustment in reliance on the properly issued October 2015 Visa Bulletin. A threatened deprivation of a Plaintiff's constitutional right presumptively demonstrates irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). *See also Fyock v. City of Sunnyvale,* 25 F. Supp. 3d 1267, 1282 (N.D. Cal. 2014) ("Irreparable harm is presumed if plaintiffs are likely to succeed on the merits because a deprivation of constitutional rights always constitutes irreparable harm.").

Moreover, while it is generally accepted that economic losses do not suffice to demonstrate irreparable harm because they are otherwise recoverable as money damages, the Ninth Circuit has acknowledged that this axiom does not necessarily apply when sovereign immunity would prohibit recovery of damages against a government actor. *See California Pharmacists Association v. Maxwell-Jolly*, 596 F.3d 1098 (9th Cir. 2010).

PLAINTIFFS' EMERGENCY MOTION FOR TRO – 7
Case No. 2:15-cv-01543-RSM

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

Here, Plaintiffs and potentially tens of thousands of class members and other affected parties have spent considerable amounts of money—including non-refundable monies paid to USCIS-approved civil surgeons for medical examinations, vaccinations, and certifications required for their adjustment applications—in reliance on the October 2015 Visa Bulletin. In addition, Plaintiff International Medical Graduate ("IMG") Task Force has diverted significant resources toward the Preparation and Application Periods that will be irreparably lost if USCIS's threatened enforcement of the Revised Visa Bulletin is allowed to proceed. Finally, several Plaintiffs who would benefit from the ability to travel abroad pending their adjustment applications, including at least one Plaintiff whose parent is currently suffering from cancer in China, will be unable to take advantage of the benefits conferred by accepting adjustment applications as filed in October 2015. Accordingly, Plaintiffs have demonstrated irreparable harm necessitating immediate judicial intervention.

Balance of Hardships

The balance of hardships tips heavily in favor of Plaintiffs. The government has articulated no reason, much less a legitimate or compelling justification, for its abrupt and unprecedented change in visa bulletin practice, and thus, cannot demonstrate any hardship from abandoning it. Because the Plaintiffs are seeking to end unlawful agency action and bring the government into compliance with the APA, INA, and Due Process Clause, the government cannot claim to suffer any hardship from entry of a temporary restraining order. *See Rodriguez v. Robbins*, 715

PLAINTIFFS' EMERGENCY MOTION FOR
TRO – 8
Case No. 2:15-cv-01543-RSM

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA 98104
(206) 682-1080

F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice or reads a statute as required to avoid constitutional concerns").

Public Interest

Finally, the public interest favors granting a temporary restraining order. "[T]he public interest favors applying federal law correctly." *Small v. Avanti Health Systems, LLC,* 661 F.3d 1180, 1197 (9th Cir. 2011)); *see also N.D. v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1113 (9th Cir.2010) ("[I]t is obvious that compliance with the law is in the public interest."). As noted by the Alliance of Business Immigration Lawyers, the government's actions in this case threaten to permanently undermine the regulated community's ability to rely on the Visa Bulletin.[7] This, in turn, will result in many more unused immigrant visas—a chief concern of Defendant Johnson and the President in seeking to modernize the visa system.

Conclusion

Considering Plaintiffs' strong likelihood of success on the merits, their serious, irreparable harm, and the balance of equities on the sliding scale the Ninth Circuit employs in determining whether to grant injunctive relief, this Court should enter a Temporary Restraining Order requiring Defendant USCIS to accept adjustment applications filed by Plaintiffs and those Plaintiff IMG Task Force represents in reliance on the October 2015 Visa Bulletin

---

[7] Ex. # Mehlman Decl.

PLAINTIFFS' EMERGENCY MOTION FOR TRO – 9
Case No. 2:15-cv-01543-RSM

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA  98104
(206) 682-1080

Dated:  September 30, 2015           Respectfully submitted,

/s/ R. Andrew Free
R. ANDREW FREE, TN BPR No. 30513
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 244-4345
Andrew@ImmigrantCivilRights.com


/s/ Gregory H. Siskind*
**GREGORY H. SISKIND, TN BPR No. 14487**
Siskind Susser, PC
1028 Oakhaven Road
Memphis, TN 38119
Telephone: (901) 682-6455
Facsimile: (901) 339-9604
GSiskind@visalaw.com


   /s/  Robert Pauw
Robert H. Gibbs, WSBA 5932
Robert Pauw, WSBA 13613
Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104-1003
(206) 682-1080

*Application for Admission Pro Hac Vice forthcoming*

### Certificate of Service

I hereby certify that on this date I served upon the following counsel for the Defendants a true and accurate copy of the foregoing *Motion for Temporary*

PLAINTIFFS' EMERGENCY MOTION FOR TRO – 10
Case No. 2:15-cv-01543-RSM

**GIBBS HOUSTON PAUW**
**1000 Second Ave., Suite 1600**
**Seattle, WA  98104**
**(206) 682-1080**

*Restraining Order*, and all attachments thereto, via email, facsimile, and U.S. mail, postage prepaid:

Glenn M. Girdharry
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
F: (202) 305-7000
glenn.girdharry@usdoj.gov

Sarah Wilson
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Sarah.S.Wilson@usdoj.gov

Kerri Keefe
Civil Chief
United States Attorney's Office
for the Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

Dated: September 30, 2015          /s Robert Pauw

PLAINTIFFS' EMERGENCY MOTION FOR
TRO – 11
Case No. 2:15-cv-01543-RSM

GIBBS HOUSTON PAUW
1000 Second Ave., Suite 1600
Seattle, WA  98104
(206) 682-1080